The argument is that the representations were not made concerning the operation in humid weather; that the representations as made were true; that the parties believed them to be true; if the representations were not literally true they were innocently made in that it was assumed that the device would serve the purposes of the ordinary ice refrigerator under all conditions of warm weather. Experience up to that time convinced the parties that the refrigerator was an unqualified success.
It seems to me that, since they put the device upon the market, their representations and conduct must be construed as representation to the effect that it was suitable for the purposes for which it was sold. They assumed an attitude of knowing whereof they spoke, and their representation that it would function in the warmest kind of weather must be construed as including humid weather. It was the equivalent of saying that it would function perfectly in all kinds of warm weather. It was apparently so understood and they must have so intended. The fact that it develops that they did not know as much as they assumed to know is no defense even though they acted honestly. Their conduct was just as detrimental to plaintiff as if it had been a wilful falsehood. Bad motive is not an essential element of fraud. The representation was made without knowing whether it was true or false. Honest belief is no defense. It is a fraud for one to assert the existence of a fact concerning which he knows nothing. It may be that liability in this *Page 338 
case could also be successfully asserted on the ground of mutual mistake of fact.